IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| FEDERAL NATIONAL MORTGAGE ASSOCIATION, | § § § § | |
| Plaintiff, | § § | |
| V. | § § | No. 3:12-cv-5050-G-BN |
| MARC FAGNAN, | § § § | |
| Defendants. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE
<u>UNITED STATES MAGISTRATE JUDGE</u>**

This case has been referred to the United States magistrate judge for initial screening pursuant to 28 U.S.C. § 636(b) and a standing order of reference from the District Court. The undersigned magistrate judge issues the following findings of fact, conclusions of law, and recommendation:

**Background**

Plaintiff Federal National Mortgage Association brought this forcible detainer action against Defendants Marc Fagnan and all other occupants of the 3664 Pallos Verdas Drive in Dallas, Texas (the "Property"). Plaintiff originally filed suit in Texas state court. *See* Dkt. No. 3 at 10-16; Dkt. No. 8-3. On December 10, 2012, Judy Fagnan, proceeding *pro se* and purportedly on behalf of Marc Fagnan and all other occupants at the Property, removed the case to federal court on grounds of diversity jurisdiction. *See* Dkt. No. 3. The Notice of Removal averred that jurisdiction is proper on grounds of diversity because Defendants are citizens of the State of Texas, Plaintiff is a citizen

of Washington, D.C., and "[t]he subject real property has a current fair market value of $225,000 according to the Dallas Central Appraisal District." Dkt. No. 3 at 2, ¶ 3(a)i & (b).

After reviewing the removal notice, the undersigned *sua sponte* questioned whether removal is proper and entered an order explaining that "Defendants have wholly failed to allege – much less prove – that the value of the right to occupy or possess the property exceeds the jurisdictional minimum" but granting Ms. Fagnan "an opportunity to establish that federal jurisdiction is proper" by "filing evidence to establish that the value of the right to occupy or possess the property at issue in the underlying eviction proceeding exceeds $75,000." Dkt. No. 6 at 1, 2. Ms. Fagnan filed a response that attached a Substitute Trustee's Deed, from which she argued that the amount in controversy exceeds $75,000 because the Property at issue was sold for $224,952.75. *See* Dkt. No. 7 at 3 & Ex. A.

Plaintiff then filed a Motion to Remand, *see* Dkt. No. 8, to which Ms. Fagnan, again purportedly on behalf of Marc Fagan, filed a written response, *see* Dkt. No. 11. The now determines that the Court lacks subject matter jurisdiction and that remand is required.

**Legal Standards and Analysis**

Plaintiff seeks to remand this case because (1) Defendants' notice of removal is untimely; (2) Defendants failed to meet their burden to establish that federal jurisdiction exists; and (3) Defendants' removal failed to comply with the requirements of 28 U.S.C. § 1446. *See* Dkt. No. 8.

The undersigned concludes that Defendants have failed to meet their burden to establish that federal jurisdiction exists over this action. A defendant may remove an action filed in state court to federal court if the action is one that could have originally been filed in federal court. 28 U.S.C. § 1441(a). The removing party bears the burden of establishing jurisdiction. *Miller v. Diamond Shamrock Co.*, 275 F.3d 414, 417 (5th Cir. 2001). A federal court's jurisdiction is limited, and federal courts generally may hear only a case of this nature if it involves a question of federal law or where diversity of citizenship exists between the parties. *See* 28 U.S.C. §§ 1331, 1332. "[T]he basis upon which jurisdiction depends must be alleged affirmatively and distinctly and cannot be established argumentatively or by mere inference." *Getty Oil Corp. v. Ins. Co. of N. Am.*, 841 F.2d 1254, 1259 (5th Cir. 1988) (citing *Ill. Cent. Gulf R.R. Co. v. Pargas, Inc.*, 706 F.2d 633, 636 & n.2 (5th Cir. 1983)). "If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c).

Defendants assert that this Court has jurisdiction under the diversity statute. In diversity cases, each plaintiff's citizenship must be diverse from each defendant's citizenship, and the amount in controversy must exceed $75,000. 28 U.S.C. §§ 1332(a), (b). If no amount of damages has been alleged in the state court petition, the defendant must prove by a preponderance of the evidence that the amount in controversy exceeds the jurisdictional minimum. *De Aguilar v. Boeing Co.*, 47 F.3d 1404, 1409 (5th Cir. 1995).

Defendants allege that the "subject real property has a current fair market value

of $225,00.00 according to the Dallas Central Appraisal District" and that "[t]he amount in controversy is the value of the object of the litigation." Dkt. No. 3 at 2; *see also* Dkt. No. 7 at 3; Dkt. No. 11 at 3. Despite the undersigned's prior explanation in this case, *see* Dkt. No. 6 at 2, Defendants misunderstand the amount in controversy requirement in this context. The amount in controversy in a forcible detainer action, such as this one, is the value of the right to occupy or possess the property at issue. *See, e.g.*, *Fed. Nat'l Mortg. Ass'n v. Talley*, No. 3:12-CV-1967-N-BH, 2012 WL 4005910, at *2 (N.D. Tex. Aug. 16, 2012), *rec. adopted*, 2012 WL 4005760 (N.D. Tex. Sep. 11, 2012) (citing cases). The only question regarding jurisdiction is the value of the right to immediate possession or occupancy of the Property, not the Property's fair market value. And, here, the record is wholly devoid of any evidence or argument to establish the value of the right to possess or occupy the Property or that the right exceeds $75,000. Defendants' allegations regarding the Property's market value are insufficient for purposes of satisfying the amount in controversy. Accordingly, the undersigned determines that Defendants have failed to satisfy their burden to show that federal diversity jurisdiction exists under 28 U.S.C. § 1332(a)(1).

Defendants also make conclusory assertion that "this Court has jurisdiction over the state court action pursuant to 28 U.S.C. § 1331 because Plaintiff's Complaint alleges a cause of action under the laws of the United States, 15 U.S.C. § 1681 *et seq* (Compl., introductory)." Dkt. No. 11 at 2; Dkt. No. 7 at 2. But Defendants have not established federal question jurisdiction under 28 U.S.C. § 1331, which "exists when 'a well-pleaded complaint establishes either that federal law creates the cause of action

or that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law.'" *Borden v. Allstate Ins. Co.*, 589 F.3d 168, 172 (5th Cir. 2009) (quoting *Franchise Tax Bd. v. Constr. Laborers Vacation Trust*, 463 U.S. 1, 27-28 (1983)).

"When an action is brought to federal court through the § 1441 mechanism, for both removal and original jurisdiction, the federal question must be presented by plaintiff's complaint as it stands at the time the petition for removal is filed and the case seeks entry into the federal system." *Metro Ford Truck Sales, Inc. v. Ford Motor Co.*, 145 F.3d 320, 327 (5th Cir. 1998) (internal quotation marks omitted). Thus, "there is generally no federal jurisdiction if the plaintiff properly pleads only a state law cause of action." *MSOF Corp. v. Exxon Corp.*, 295 F.3d 485, 490 (5th Cir. 2002). When a plaintiff's pleadings set forth only state law claims, a federal district court has federal question jurisdiction to entertain the action only if "(1) the state law claims necessarily raise a federal issue or (2) the state law claims are completely preempted by federal law." *Bernhard v. Whitney Nat'l Bank*, 523 F.3d 546, 551 (5th Cir. 2008).

Here, Defendants have not shown that Plaintiff raised any federal law causes of action or any substantial, disputed question or issue of federal law in its state court forcible detainer action or that Plaintiff's state law claims are completely preempted by federal law. And a review of Plaintiff's Original Petition for Forcible Detainer shows that it did not raise any such federal claims or issues. *See* Dkt. No. 3 at 10-16; Dkt. No. 8-3. Contrary to Ms. Fagnan's unsupported assertions, the undersigned can locate no reference to 15 U.S.C. § 1681, the federal Fair Credit Reporting Act ("FCRA"), in

Plaintiff's state court filings. While a cause of action under the FCRA relates to the accuracy and fairness of credit reporting, Plaintiff's complaint seeks only the possession of the Property and does not contain any allegations about credit reporting. Ms. Fagnan's allegation cannot provide the basis for federal question jurisdiction because it was not raised in Plaintiff's state court complaint.

Accordingly, Defendants have failed to satisfy their burden to show that federal question jurisdiction exists under 28 U.S.C. § 1331. *See Stump v. Potts*, 322 F. App'x 379, 380 (5th Cir. 2009) ("The complaint filed in the state court was a simple suit to evict arising under state law. The complaint provided no basis for federal question jurisdiction. The fact that Potts brought up possible federal question claims in her answer and counterclaim cannot be considered in determining the existence of removal jurisdiction. Therefore, the district court lacked jurisdiction to allow the removal of the action." (citations omitted)).

Additionally, Plaintiff seeks remand on the basis of the so-called "forum-defendant rule." Here, the Notice of Removal avers that all Defendants are citizens of Texas, the same state where Plaintiff filed the underlying eviction proceeding. An action may not be removed on the basis of diversity jurisdiction if any defendant, properly joined and served, is a citizen of the state where the plaintiff filed suit. 28 U.S.C. § 1441(b)(2). Failure to comply with this requirement renders the removal defective. *In re 1994 Exxon Chem. Fire*, 558 F.3d 378, 391 (5th Cir. 2009) (removal of case in violation of "forum-defendant rule" is defective). Defendants have no response to this defect in removal. *See* Dkt. Nos. 7 & 11. In fact, Defendants continue to assert

their Texas citizenship. *See* Dkt. No. 7 at 4; Dkt. No. 11 at 3. Accordingly, even if the Court had subject matter jurisdiction, the case should be remanded for this reason as well.

Although Plaintiff also contends that remand is required because Defendants' removal of the case was untimely and the Notice of Removal is signed only by Ms. Fagnan, *see* Dkt. Nos. 8 & 8-1, these issues are mooted by the undersigned's determination that it lacks subject matter jurisdiction over the action and, additionally, the removal's contravention of the forum-defendant rule. The Court therefore need not decide these issues.

Finally, because Defendants' removal was wrongful, Plaintiff seeks its attorneys' fees under 28 U.S.C. § 1447(c). *See* Dkt. No. 8 at 1; Dkt. No. 8-1 at 13. When removal is determined to be improper, a district court has discretion to award attorneys' fees incurred in obtaining a remand. 28 U.S.C. § 1447(c). The Court should grant Plaintiff's Motion for Attorney's Fees because Defendants lacked an objectively reasonable basis for seeking removal. *See Valdes v. Wal-Mart Stores, Inc.*, 199 F.3d 290, 293 (5th Cir. 2000).

Although Defendants are proceeding *pro se*, that does not excuse their actions immediately after removal that forced Plaintiff to incur attorneys' fees to seek to remand the case. *See* 28 U.S.C. § 1447(c) ("An order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal."). The statute that permits removal based on diversity of citizenship clearly provides that such an action is "removable only if none of the parties

in interest properly joined and served as defendants is a citizen of the State in which such action is brought." 28 U.S.C. § 1441(b). The undersigned's December 12, 2012 Order [Dkt. No. 6] specifically admonished Defendants that the case was not removable based on diversity of citizenship because an in-state citizen is a defendant. Yet Defendants responded to that Order without addressing this defect in removal or concurring in a remand of the case – and instead continued to assert Defendants' Texas citizenship. *See* Dkt. No. 7. Plaintiff was thus forced to file a motion to remand. *See* Dkt. No. 8.

Plaintiff has submitted uncontested evidence establishing that it is entitled to recover the sum of $2,000.00 as reasonable attorneys' fees. *See* Dkt. No. 8-8 (Affidavit of Kathleen M. Kilanowski). Defendants' only response has been to recite the 28 U.S.C. § 1447(c) standards. *See* Dkt. No. 11 at 5. The Court should award Plaintiff $2,000.00 as reasonable attorney's fees under 28 U.S.C. § 1447(c).

## Recommendation

The Court lacks subject matter jurisdiction over this action; additionally, Defendants' removal was defective because it contravened the "forum-defendant rule" under 28 U.S.C. § 1441(b), and Defendants lacked an objectively reasonable basis for seeking removal. The Court should grant Plaintiff's Motion to Remand and Motion for Attorney's Fees [Dkt. No. 8], award Plaintiff $2,000.00 as reasonable attorney's fees under 28 U.S.C. § 1447(c), and remand the action to County Court at Law No. 5, Dallas County, Texas, from which it was removed.

A copy of these findings, conclusions, and recommendation shall be served on all

parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

    DATED: February 11, 2013

_____
DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE